United States District Court
Southern District of Texas

**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELVIA RUIZ, as next friend of D.N.G., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:26-CV-00006 |
| | § | |
| WALMART, INC., and OSCAR ORTIZ, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

A clear liquid on the floor of a Rio Grande City Walmart allegedly caused minor D.N.G. to slip and fall and suffer injuries. Her mother, Plaintiff Elvia Ruiz, sued Walmart, Inc., ("Walmart") and the store manager, Oscar Ortiz, on D.N.G.'s behalf. Ruiz now asks the Court to remand the case. (Dkt. No. 3). But because Ortiz was improperly joined, the Motion to Remand is **DENIED**, and Ortiz is **DISMISSED**.

**I.      BACKGROUND**

On March 5, 2025, Elvia Ruiz and her daughter D.N.G. entered a Walmart Supercenter in Rio Grande City, Texas. (Dkt. No. 1-4 at 3). While in the store, D.N.G. allegedly slipped and fell on a clear liquid that had accumulated on the floor in the store's produce section. (*Id.*). Ruiz claims that there were no signs alerting customers to the hazard. (*Id.*). As a result of the fall, D.N.G. sustained bodily injuries. (*Id.*).

On November 20, 2025, Ruiz filed a premises-liability claim against both Walmart and the store manager working at the time, Oscar Ruiz. (*See generally id.*). Walmart

removed the case to federal court on January 6, 2026.  (Dkt. No. 1).  Ruiz then moved to remand the case, (Dkt. No. 3), and Walmart responded, (Dkt. No. 9).

## II.    DISCUSSION

Under 28 U.S.C. § 1441, removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Once removed, 28 U.S.C. § 1447 provides that a "case shall be remanded" wherever "the district court lacks subject-matter jurisdiction."  28 U.S.C. § 1447(c).  Relevant here, a district court lacks subject matter jurisdiction where the matter in controversy is not "between citizens of different States."  28 U.S.C. § 1332(a).  The Fifth Circuit further instructs that "a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant."  *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020).  As both parties agree that Ortiz would destroy diversity under Section 1332 and thus serve as a cause for remand under Section 1447, this case turns on whether Ortiz has been improperly joined by Ruiz.[1]

In *Smallwood v. Illinois Central Railroad Co.,* the Fifth Circuit articulated two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The Fifth Circuit further noted that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Id.* at 574.

---

[1]    Walmart is a corporation incorporated under Delaware law with its principal place of business in Arkansas, therefore making it a citizen of both states.  (Dkt. No. 9 at 1).

Because Walmart does not argue that Ruiz's pleadings fraudulently state jurisdictional facts, only the second *Smallwood* prong applies. To meet this prong, Walmart must show "that there is no reasonable basis for the district court to predict that [Ruiz] might be able to recover against [Ortiz]." *Id.* at 573. A court may make this determination in one of two ways: (1) by conducting a "Rule 12(b)(6)-type analysis" that involves "looking initially at the allegations of the complaint" to determine whether it alleges a state-law claim against the in-state defendant, or (2) by piercing the pleadings and conducting a summary inquiry. *Id.*

While the latter approach is within a court's discretion, the motive of the joinder is irrelevant, and the court should avoid the "heavy risk of moving . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574. "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The Court addresses the issue under the "Rule 12(b)(6)-type analysis."[2] Ruiz's complaint asserts premises-liability claims against both Walmart and Ortiz. (Dkt. No. 1-4 at 3–5). Under Texas law, "individual liability [separate from corporate liability] arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). While "independent duties may arise when the officer or employee personally creates a dangerous situation that causes injury," "liability cannot be imposed on employees

---

[2]   The Court declines to conduct a summary inquiry under the second *Smallwood* prong as the record contains no evidence or exhibits on which to base such an inquiry.

3

where the employer and the employees committed the identical negligent acts or omissions." *In re Butt*, 495 S.W.3d 455, 466–67 (Tex. App. — Corpus Christi 2016, orig. proceeding).

Here, Ruiz's complaint does not distinguish between Walmart's and Ortiz's negligent acts. It states only that Ruiz's daughter "was seriously injured as a result of a dangerous condition that existed . . . inside of the Walmart," that D.N.G. slipped and fell because of "a clear liquid that accumulated on the floor," that "[t]here were no cautionary signs present to warn" of the hazard, and that Ortiz was the store manager working at the time of the incident. (Dkt. No. 1-4 at 3–4). It contains no allegations of negligent acts taken by Ortiz separate and apart from the negligent acts allegedly taken by Walmart. Ruiz also fails to allege that Ortiz personally created the dangerous situation that caused injury. So, Ruiz is attempting to impose individual liability on Ortiz in the absence of an independent duty of care, which is not a reasonable basis for recovery under Texas law.

Ruiz's citation to *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992), to argue that, as an "operator of the premises," Ortiz may have liability for a premises defect does little to persuade the Court. As Walmart notes, even if Ortiz could be considered an "operator" that has "general direction and control of [a] corporation's affairs, and who may do everything which [a] corporation could do in transaction of its business," (Dkt. No. 3 at 4), Ruiz still fails to show that Ortiz had an independent duty of care, (Dkt. No. 9 at 3–4). Without such a duty, Ruiz cannot recover from Ortiz, and he is improperly joined.

4

## III.   CONCLUSION

For the reasons stated above, Ruiz's Motion to Remand, (Dkt. No. 3), is **DENIED** and Oscar Ortiz is **DISMISSED** for improper joinder.

It is SO ORDERED.

Signed on May 30, 2026.

_____

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**